IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RICHARD DELEON,**

                **Plaintiff,**

**vs.**                                          **Civ. No.  10-105 JH/RHS**

**STEVEN ARIAS, in his individual
capacity, and THE CITY OF
ALBUQUERQUE,**

                **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion to Strike and for Sanctions* [Doc. No. 16], filed April 6, 2010.  The issue raised in the motion is whether the Court should strike Defendants' affirmative defenses pled in their complaint, either as a sanction for filing the answer late or as a result of improper, insufficient pleading.  After reviewing the motion and supporting authorities, the Court finds that it should be denied.

## BACKGROUND

On February 8, 2010, Plaintiff filed his Complaint alleging that Defendants violated his civil rights.  Plaintiff served his Complaint on February 11, 2010, and therefore Defendants' answer was due on March 4, 2010.  Through counsel, Defendants represented to Plaintiff that they would file their answer on March 8, 2010.  However, Defendants' attorney forgot to file the answer on that date, and therefore on March 12, 2010, Plaintiff filed a motion for default judgment and a motion for clerk's entry of default. [Doc. No. 5].  According to Defendants, the filing of these documents triggered defense counsel's memory, and later in the day on March 12, 2010, counsel for the

Defendants entered her appearance and filed an Answer to the Complaint. [Doc. Nos. 6 and 7]. From there, it appears that the case has proceeded along the ordinary course of litigation, and the motion for default judgment was denied as moot. [Doc. No. 17]. The parties filed a Joint Status Report [Doc. No. 18, 24] and on April 26, 2010 Magistrate Judge Scott conducted a scheduling conference. [Doc. No. 21]. It appears that the parties have begun discovery, and the case is set for a jury trial in April of 2011.

## DISCUSSION

### I.   SANCTIONS

A federal district court has the authority to strike claims under Federal Rules of Civil Procedure 11(c) and 12(f), as well as a general inherent power to impose sanctions to deter abusive litigation practices, regulate its docket, promote judicial efficiency, and deter frivolous filings. *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980); *Christensen v. Ward*, 916 F.2d 1462, 1469 (10th Cir. 1990). Here, the Court finds no abusive litigation practices or frivolous filings, nor does it find any other reason to impose a sanction on Defendants. To be sure, Defendants' counsel erred when she failed to file the answer by the date promised to counsel for Plaintiffs, but while her actions may have been careless, there is no evidence that this conduct was malicious or intentional. In addition, Plaintiff has not demonstrated that he suffered any prejudice as a result of Defendants' delay in answering. The delay was four days—short enough to be of little consequence—and the case is now progressing along a normal schedule.

The Court is aware that this is not the first time that the City of Albuquerque, or its counsel, has failed to meet litigation deadlines. Accordingly, counsel and the City of Albuquerque are hereby on notice that sanctions may be awarded against them in the future for failure to meet any obligation or deadline imposed by the Local Rules, the Federal Rules of Civil Procedure, or an order of this

Court.  *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1150 (10th Cir. 2007) (concluding litigant had constructive notice where defendants had earlier filed Rule 41(b) motion to dismiss and district court had warned parties about possibility of sanctions).[1]  However, the Court will not use its discretion to impose sanctions at this time.

## II.   REQUEST TO STRIKE AFFIRMATIVE DEFENSES FOR IMPROPER PLEADING

Plaintiff argues that the pleading standards set forth in two recent Supreme Court opinions apply to affirmative defenses as well as claims, and Plaintiff asks the Court to dismiss Defendants' defenses for failing to satisfy those standards.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court set forth the minimum requirements for a complaint to survive a motion to dismiss under Civil Rule 12(b)(6). In doing so, the Court examined the meaning of "a *short and plain statement* of the claim showing that the pleader is entitled to relief" within the context of Rule 8(a)(2).  *Id*. at 545 (emphasis added). The Court held the "threshold requirement of Rule 8(a)(2) [is] that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555.  Thus, a complaint must state "enough facts to state a claim of relief that is plausible on its face."  *Id*. at 570. Therefore a plaintiff must give "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action," to survive a 12(b)(6) motion.  *Id*. at 555.  Then, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court clarified that *Twombly* was not limited to antitrust cases, but instead "expounded the pleading standard for all civil actions."  *Iqbal*, 129 S.Ct. at 1953.  The

---

[1] On the other hand, it bears noting that a filing a motion for default judgment is not the best *first* response to a missed deadline to file an answer.  In adherence to principles of professionalism, counsel for Plaintiff could have and should have extended opposing counsel the courtesy of a phone call on March 9, 2010 to inquire as to the status of the answer prior to filing a motion for default judgment.

Court went on to describe a two-pronged approach to examining the sufficiency of a complaint. First, a court should disregard statements that are "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949. While these conclusions "can provide the framework of a complaint," they "are not entitled to the assumption of truth" due to their lack of factual allegations. *Id.* at 1950. Second, a court should "assume [the] veracity" of "well-pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Id.*

It appears that no Circuit Court of Appeals has addressed the issue of whether *Twombly* and *Iqbal* apply to affirmative defenses. Furthermore, district courts have been divided as to whether *Twombly* and *Iqbal* apply to all pleadings, including affirmative defenses contained in an answer, or if they govern complaints only. After reviewing the arguments, the Court concludes that affirmative defenses are not subject to *Twombly* and *Iqbal*.

First, the Court turns to the text of both Federal Rule of Civil Procedure 8 and the two Supreme Court opinions for guidance. Rule 8 governs the level of detail required in parties' pleadings. The difference in wording between Rules 8(a) and (b) on one hand and Rule 8(c) on the other supports a conclusion that the heightened pleading requirements do not apply to affirmative defenses. Rule 8(a)(2) requires a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Similarly, Rule 8(b), which is titled "Defenses; Admissions and Denials," requires a defendant's answer to "state in short and plain terms its defenses to each claim asserted against it." *Id.* 8(b)(1)(A). Rule 8(c), titled "Affirmative Defenses," states that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." *Id.* 8(c)(1). Unlike subsections (a) and (b), subsection (c) does not include any language requiring the party to state anything in "short and plain" terms. *See, e.g., Westbrook*

4

*v. Paragon Sys.*, 2007 U.S. Dist. LEXIS 88490, at *2 (S.D. Ala. 2007) ("Neither [Rule 8(b) nor Rule 8(c)] expresses a requirement that the answer 'show' the defendant is entitled to prevail on its affirmative defense."). On its face, *Twombly* applies only to complaints and to Rule 8(a)(2) because the Court was interpreting that subsection's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). The opinion does not mention affirmative defenses or any other subsection of Rule 8. *Iqbal* also focused exclusively on the pleading burden that applies to plaintiffs' complaints. *See* 129 S.Ct. at 1949-54.

In addition, the relative positions of the parties supports a conclusion that *Twombly* and *Iqbal* do not apply to affirmative defenses. Plaintiff contends that it is unfair to interpret the notice requirements for plaintiffs in Rule 8(a) more strictly than those for defendants in Rule 8(c). The Court disagrees. It is reasonable to impose stricter pleading requirements on a plaintiff who "has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses." *Holdbrook v. SAIA Motor Freight Line, LLC*, 2010 WL 865380 at *2 (D. Colo. Mar. 8, 2010). The Court is aware that this particular lawsuit was preceded by an internal affairs investigation, giving the Defendant a greater opportunity to discover the relevant facts than that afforded to defendants in most other civil lawsuits. However, in the majority of civil actions defendants simply do not have such an opportunity.

Accordingly, the Court declines Plaintiff's invitation to strike Defendants' affirmative defenses for failure to satisfy *Twombly* and *Iqbal*. Plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Strike and for Sanctions* [Doc. No. 16] is **DENIED**.

                                                   _____
                                                   **UNITED STATES DISTRICT JUDGE**